# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**MICHELLE PERSSON**, *Individually, and on behalf of herself and other similarly situated current and former employees*,

Plaintiffs,

v.

**LEAVITT FAMILY MEDICINE, PLLC**
*a Tennessee Professional Limited Liability Company,* and **PAUL J. LEAVITT**, **MD**, *individually*.

Defendants.

NO. _____

**FLSA Opt-In Collective Action**
**JURY DEMANDED**

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Michelle Persson ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Fair Labor Standards Act ("FLSA") collective action against the above-named Defendants and shows as follows:

### I. NATURE OF SUIT

1. This lawsuit is brought against Defendants as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated current and former employees of Defendants, as defined herein.

2. Defendants violated the FLSA in that they failed to properly pay Plaintiff for all hours she worked by not compensating her at the rate of time and one-half her regular rate of pay for all the hours worked over forty (40) hours in each workweek. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

1

3. Additionally, this lawsuit is brought against Defendants pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, to recover front pay, actual, compensatory, liquidated, and punitive damages, as well as pre and post-judgment interest, attorneys' fees, costs, and such other compensation and legal remedies, and also including declaratory and injunctive or other equitable relief, as the law allows, all owed to Plaintiff Michelle Persson due to Defendants' violations of the FLSA's anti-retaliation provisions.

## II.     PARTIES

4. Plaintiff Michelle Persson was employed by Defendants within the meaning of the FLSA within the three (3) year period preceding the filing of this Collective Action Complaint. Plaintiff was told she would be paid $17.50 per hour for every hour worked for Defendants. Plaintiff Michelle Persson hereby consents to be a party-plaintiff and the named representative plaintiff in this action and her consent to join form is attached as "*Exhibit A.*"

5. Plaintiff and "Class Members" are Defendants' current and former hourly-paid employees (specifically, Medical Assistants and Nurses) who were not paid overtime pay for overtime work as required by the FLSA.

6. Defendant Leavitt Family Medicine, PLLC is a Tennessee Professional Limited Liability Company authorized to do business, and is currently is doing business, in the State of Tennessee. According to the Tennessee Secretary of State, Defendant Leavitt Family Medicine, PLLC can be served through its registered agent, Paul J. Leavitt, MD, at 353 New Shackle Island Road, Suite 103A, Hendersonville, Tennessee 37074-2391, or wherever it may be found.

7. Defendant Paul J. Leavitt, MD is the owner of Leavitt Family Medicine, PLLC and

exercises operational control over Leavitt Family Medicine, PLLC and its employees during the statutory period. Defendant Leavitt determined Plaintiff's rate and method of pay and made the decision to not pay Plaintiff and Class Members for overtime hours – the crux of this lawsuit. Defendant Leavitt is therefore individually liable under the FLSA for the non-payment of overtime complained of herein. Defendant Leavitt can be served at 353 New Shackle Island Road, Suite 103A, Hendersonville, Tennessee 37074-2391, or wherever he may be found.

### III.  JURISDICTION AND VENUE

8. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq.*

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Defendants reside in this district and because the events that form the basis of this suit occurred in this District.

### IV.  CLASS DESCRIPTION

10. Plaintiff brings this action on behalf of herself and the following similarly situated persons:

> All current and former hourly paid, non-exempt employees of Leavitt Family Medicine, PLLC during the applicable limitation's period (*i.e.* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. *§* 216(b).  (Collectively, "the class").

### V.  COVERAGE

11. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and Class Members.

12. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning

of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

## VI. FACTUAL ALLEGATIONS

16. Defendants' primary business is providing primary medical care to patients as well as providing preventative medical services and care for acute and chronic diseases. Defendants conduct business from their clinic located in Hendersonville, Tennessee.

17. Defendant Paul J. Levitt, MD made decisions on hiring and firing employees, establishing pay levels, and was involved with other decisions that affected the terms and conditions of work for hourly-paid employees such as the Plaintiff. For example, Defendant Paul J. Leavitt, MD implemented a policy that Plaintiff and others similarly situated were no longer allowed to use his medical practice's bathroom facilities while working.

18. Defendant Paul J. Leavitt, MD made the decision to not pay Plaintiff and the Class overtime in violation of the FLSA.

4

19. Throughout the statutory recovery period applicable to this action, Defendant Paul J. Leavitt, MD knew that the law required that the employees who worked for him be paid overtime for each hour they worked over forty (40) in any given workweek.

20. Defendant Paul J. Leavitt, MD is subject to personal jurisdiction in the state of Tennessee for purposes of this lawsuit.

21. At all times material to this action, Plaintiff and all other putative Class Members employed by Defendants were engaged in commerce.

22. At all times material to this action, Defendants have been "employers" of the Plaintiff, as defined by §203(d) of the FLSA, as well as employers of all other persons hired to work for Defendants and comprising the Class.

23. Plaintiff was employed by Defendants as a full time, hourly-paid Medical Assistant from approximately December 10, 2018 until June 7, 2019. On average, she worked around fifty-five (55) hours per workweek for Leavitt Family Medicine, PLLC.

24. Plaintiff and Class Members were often required to work in excess of forty (40) hours per week.

25. When Plaintiff was hired by Defendants, she was told that she would be paid hourly at a rate of $17.50. However, two (2) weeks into her employment with Defendants she was informed that she would only be paid $17.50 per hour for forty (40) hours per week (regardless of the number of hours worked) and would not receive overtime pay.

26. When Plaintiff inquired about not receiving overtime pay for hours worked over forty (40) per week, she was told that because Leavitt Family Medicine, PLLC was a "local business" and "not corporate" it did not have to pay employees overtime compensation.

27. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern

5

or practice of failing to pay overtime compensation with respect to Plaintiff and Class Members.

28. The overtime provision set forth in §207 of the FLSA applies to the Defendants.

29. Plaintiff is owed time and a half pay and liquidated damages for all hours worked over forty (40) and during the statutory period.

## VII. COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff re-alleges and incorporates paragraphs 1–29 as if fully set forth herein.

31. Plaintiff and Class Members were subjected to the same pay provisions and violations in that they were employed as hourly-paid workers not compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek.

32. Defendants' failure to compensate employees at the appropriate rate for hours worked in excess of forty (40) in a workweek as required by the FLSA results from a policy or practice of not paying hourly employees for overtime hours. This policy or practice was applicable to Plaintiff and Class Members. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice, which resulted in the non-payment of overtime and all hours worked, that applied to Plaintiff applied to all Class Members.

33. Defendants were aware of their obligation to pay overtime to Plaintiff and Class Members and failed to do so. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and Class Members.

## VIII. SCOPE OF LIABILITY AS TO INDIVIDUAL DEFENDANT LEAVITT

34. Throughout the recovery period applicable to this action, Defendant Paul J. Leavitt, MD

exercised operational control over the business activities and operations of Defendant Leavitt Family Medicine, PLLC including control over the hourly-paid employees employed there.

35. In particular, Defendant Paul J. Leavitt, MD directed and controlled work performed by the Plaintiff and all other employees who worked for Leavitt Family Medicine, PLLC; made decisions to hire and fire employees; and implemented, approved, and/or ratified the policy of failing to pay overtime wages to Plaintiff and other current and former employees.

36. Throughout the recovery period applicable to this action, Defendant Paul J. Leavitt, MD was fully aware that Plaintiff and similarly-situated employees were not paid overtime for each hour of compensable work they performed over forty (40) in single workweeks while in Defendants' employ.

37. Accordingly, Defendant Paul J. Leavitt, MD acted "directly or indirectly in the interest of an employer in relation to" the Named Plaintiff and similarly situated employees within the meaning of §203(d) of the FLSA, and is thus individually and personally liable for the unpaid overtime wages, liquidated damages, costs and attorneys' fees, and any and all other relief sought herein.

## IX. CAUSES OF ACTION

### COUNT I: FAILURE TO PAY WAGES
### IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

38. Plaintiff re-alleges and incorporates paragraphs 1–37 as if fully set forth herein.

39. During the relevant period, Defendants have violated, and are currently violating, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than

forty (40) hours without compensating such employees for their work in excess of forty (40) hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiff and Class Members in accordance with the law.

### COUNT II: RETALIATORY DISCHARGE UNDER THE FAIR LABOR STANDARDS ACT

40. Plaintiff repeats and re-alleges Paragraphs 1 through 39 above as if they were set forth herein.

41. On June 7, 2019, Plaintiff was unlawfully discharged from her employment with Defendants.

42. Prior to the termination of her employment, Plaintiff inquired to the Department of Labor ("DOL") about Defendants' pay practices, specifically the practice of not paying overtime compensation to hourly-paid employees.

43. Defendants became aware of Plaintiff's DOL inquiry because a coworker informed Defendants that Plaintiff had contacted the DOL and had been contemplating filing a complaint.

44. Plaintiff's action of investigating the way she was paid is a protected activity under 29 § 215(a)(3).

45. Plaintiff was verbally told by the sister-in-law of Defendant Paul J. Leavitt, MD, Holly Cole, that Plaintiff was being terminated due to "patient complaints" and that Defendants had become aware Plaintiff "had some issues" with the way the practice handled certain

8

areas.[1] This conversation took place after Plaintiff's conversations with the DOL.[2] This comment has been interpreted to be in direct reference to Plaintiff's DOL inquiry about Defendants' pay practice and policies.

46. Plaintiff is aware of at least three (3) other hourly-paid employees who sought advice from the DOL regarding the pay practices of Defendants who were also terminated shortly after their inquiries.

47. Defendants violated 29 U.S.C. § 215(a)(3) by unlawfully retaliating against Plaintiff for engaging in activity protected under the FLSA. Plaintiff engaged in protected activity. Defendants were aware of this protected activity before taking adverse employment actions against Plaintiff. Plaintiff was terminated. Plaintiff's termination was causally connected to and was because she engaged in protected activity. Defendants', despite Plaintiff's many requests, did not provide a *written* explanation as to why Plaintiff's employment was terminated.[3] As a result of Defendants' conduct, Plaintiff has suffered monetary damages (lost wages both past and future), compensatory damages (emotional distress, loss of sleep, loss of reputation), and other legal and equitable damages. Defendants' conduct was willful and/or in reckless disregard for Plaintiff's rights.

## X. RELIEF SOUGHT

48. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants

---

[1] Holly Cole, while not believed to be a full-time employee of Defendants, is often utilized as an agent of Defendants for purposes of employee termination and discipline.

[2] It was during this conversation that Plaintiff was also informed by Holly Cole that if she discussed her termination or her conversations with the Department of Labor about Defendants' pay practices Plaintiff would be "prosecuted to the fullest extent of the law."

[3] Plaintiff was verbally told by Holly Cole that Plaintiff was being terminated due to "patient complaints" and that Defendants had become aware Plaintiff "had some issues" with the way the practice handled certain areas.

as follows:

   a. For Count I, an Order to Defendants to furnish to Plaintiff's counsel a list of all names, telephone numbers, e-mail addresses and home addresses of employees holding hourly-paid positions who have worked for the Defendants within the last three (3) years;

   b. For Count I, an Order that authorizes Plaintiff's counsel to issue notice via U.S. mail, text message, and e-mail at the earliest possible time to all hourly-paid employees who have worked for the Defendants within the last three (3) years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of overtime compensation, as required by the FLSA;

   c. For Count I, an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join this suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join this suit);

   d. For Count II, an award of back pay, front pay, and liquidated damages to Plaintiff;

   e. For Count II, an Order awarding Plaintiff damages for Defendants' retaliatory action against her in violation of 29 § 215(a)(3);

   f. For Count I, an Order awarding Plaintiff (and those who may join this suit) the costs of this action;

   g. For Counts I and II, an Order declaring that Defendants' violations of the FLSA were willful;

   h. For Count I, an Order awarding Plaintiff (and those who may join this suit)

attorneys' fees;

i. For Count II, an Order awarding Plaintiff attorney's fees;

j. For Count I, an Order awarding Plaintiff (and those who may join this suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

k. For Count II, an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law;

l. For Count I, an award of a reasonable incentive award for Plaintiff to compensate her for the time and effort she has spent protecting the interests of the Class and the risks she has undertaken; and

m. For Count I and II, an Order granting any such other and further relief as may be necessary and appropriate by this Court.

Respectfully Submitted,

*/s/J. Russ Bryant*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathaniel A. Bishop (TN BPR #35944)
Robert E. Morelli, III (TN BPR #37004)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*
*rmorelli@jsyc.com*

and

Nina Parsley (TN BPR #23818)
**PONCE LAW**
400 Professional Park Drive
Goodlettsville, TN 37072
*nina@poncelaw.com*

*Attorneys for Plaintiff and similarly situated current and former employees*